## S. RUTH ZIMDARS v. SPECIAL SCHOOL DISTRICT NO. 1.

230 N. W. 2d 465.

May 30, 1975—No. 45436.

*S. Ruth Zimdars,* pro se, for appellant.
*Lindquist & Vennum* and *Jerrold F. Bergfalk,* for respondent.

PER CURIAM.

This proceeding comes to this court for review of a decision of the District Court of Hennepin County confirming findings

and conclusions of a hearing examiner appointed by the Human Rights Department, State of Minnesota. The matter arises out of a complaint filed by appellant, Ms. S. Ruth Zimdars, a long-time mathematics teacher in the Minneapolis school system, alleging that she was discriminated against by the School Board of Special School District No. 1 in refusing to hire her in an administrative position because of her sex. The Human Rights Department, pursuant to the provisions of Minn. St. c. 363, investigated the matter and determined that there was probable cause to believe that the respondent district had committed discriminatory practices in violation of § 363.03. After conciliation efforts failed, the matter was referred to a hearing examiner. The hearing examiner, after finding favorably to appellant on two legal issues, found respondent did not discriminate against appellant by reason of her sex and, accordingly, respondent did not violate § 363.03, subd. 1. The district court, on review, confirmed this decision.

A significant portion of the hearing officer's memorandum states as follows:

"Without expressing in detail all of the evidence and testimony, it is quite clear to the Examiner that Ms. Zimdars was asking for the creation for herself of a special internship in the central office. The testimony by Ms. Zimdars herself, as well as that by Dr. Kaye and Mr. Ober, indicated that there had never been an internship created at the request of any person, male or female; and that internships had been created only at such time as there had been an express need for the same and funding for the position. * * *

"Testimony by Ms. Zimdars herself is revealing as to her attitude toward the central office administrative internships to the exclusion of other possible and available avenues for moving into secondary school administration. For example, * * * she stated:

" 'I asked to go back where I was originally or to get an administrative position.' (in the central office)

\* \* \* \* \*

"The sum and substance of it all was that Ms. Zimdars herself made, in effect, an all or nothing proposition to the school administration. She stated, in effect, either create, i. e. tailormake, a position for me as an intern administrative aide to one of the top men in the Minneapolis school system or send me back to teaching mathematics. She voluntarily limited her availability for an administrative position in the early spring and summer of 1969 to such a central office internship. She specifically limited her availability to such a central office position, despite the fact that there were no such positions available at that time.

"Her claim of sex discrimination with regard to the central office internship matter, is apparently bottomed upon the principle that, because she was a woman, the Respondent was obligated to create for her the position that she sought.

"Even assuming that she was qualified for the position, the law, as the undersigned understands it, does not command that any person be hired simply because he or she is a member of a minority group. What is prohibited by the Legislature in Chapter 363 is a discriminatory preference for any person or group, here males over females. What is required by the Legislature, as was required by Congress in the passage of the Civil Rights Act of 1964 and similar legislation, is the removal of artificial, arbitrary and unnecessary barriers to employment when such barriers operate invidiously to discriminate on the basis of race, sex or some other impermissible classification. See *Griggs v. Duke Power Company*, 91 S. Ct. 849 (1971)."

Pursuant to the provision of § 15.0426, the scope of review in this court is as provided in § 15.0425 which states as follows:

"In any proceedings for judicial review by any court of decisions of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 (including those agencies excluded from

the definition of agency in section 15.0411, subdivision 2) the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

"(a)  In violation of constitutional provisions; or

"(b)  In excess of the statutory authority or jurisdiction of the agency; or

"(c)  Made upon unlawful procedure; or

"(d)  Affected by other error of law; or

"(e)  Unsupported by substantial evidence in view of the entire record as submitted; or

"(f)  Arbitrary or capricious."

An examination of the voluminous record leads to the conclusion that the district court's decision to confirm the findings of the hearing examiner was proper.

We are very cognizant, as was the hearing examiner, of the fact that Ms. Zimdars has exemplified a high degree of competence in and dedication to the teaching profession. We are equally aware that there have been instances of discriminatory practices in many fields with regard to the implementation of employment opportunities.

However, the record indicates that the hearing examiner was fully apprised of all relevant evidence in this matter. With such evidence in mind, he concluded that the facts as presented do not demonstrate discrimination against appellant in the hiring practice.

A review of the carefully prepared opinion of the hearing examiner establishes that there is substantial evidence to support his findings. Therefore, although this court will not tolerate discriminatory hiring practices, such is not demonstrated by the substantial evidence gleaned from the entire record, and we must affirm the decision rendered below.

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.